UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VARSITY SPIRIT ATHLETE
ABUSE LITIGATION                                                                 MDL No. 3077

ORDER DENYING TRANSFER

**Before the Panel**: Plaintiffs in the District of South Carolina *Jane Doe 1* action move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Tennessee or, alternatively, the Middle District of Florida. They represent in their reply brief that they do not oppose centralization in the District of South Carolina. This litigation consists of nine actions pending in six districts, as listed on Schedule A.[1] Plaintiffs in the Middle District of Florida potential tag-along action support centralization in the Western District of Tennessee. All responding defendants oppose the motion. Certain responding defendants alternatively support centralization in the Western District of Tennessee or the District of South Carolina.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary at this time for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Plaintiffs in all actions are current or former minor All-star cheer athletes who allege they were subjected to abuse and inappropriate conduct while competing in various gyms affiliated with the Varsity defendants.[2] Plaintiffs allege in all actions that the common defendants[3] acted in concert to represent Varsity-affiliated gyms and coaches as safe while perpetuating a culture of athlete abuse and frustrating efforts to report abuse. All actions bring claims for violation of the Protecting Young Victims from Sexual Abuse Act 18 U.S.C. § 2255, Civil Conspiracy in Violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962, and similar common law claims. While these actions share common factual questions regarding the purported scheme and the common defendants' roles in it, opposing defendants argue that they will be overwhelmed by unique factual issues concerning the various individual gym and coach defendants named in each action and the particulars of the abuse alleged by each plaintiff. While the eight common defendants are named in all actions, there

---

[1]   The motion for centralization initially included three additional actions pending in the Middle District of Florida, for a total of twelve actions. Those actions were dismissed without prejudice, and plaintiffs re-filed them as a single action in the Middle District of Florida.

[2]   Varsity Brands Holding, Co., Varsity Spirit, LLC, and Varsity Brands, Inc.

[3]   The Varsity defendants, Bain Capital Private Equity, Charlesbank, LP, Jeff Webb, U.S. All-Star Federation, and USA Federation for Sport Cheering.

- 2 -

are approximately 30 individual coaches, gyms, and choreographers named as defendants in these actions. Most are named in just one action, and none are named in more than one district. Discovery regarding each individual defendant's conduct and their relationship to and interactions with the common defendants will not overlap. Therefore, any efficiencies to be gained by centralization may be diminished by unique factual issues.

Also weighing heavily against centralization are that (1) plaintiffs in all actions share counsel, (2) there are a limited number of involved actions and districts, and (3) the parties have been successfully informally coordinating the actions. There are just ten actions pending in seven districts, four of which are proceeding before a single judge in the District of South Carolina. The parties and the involved courts already have demonstrated they are willing to informally coordinate, as they implemented a staggered briefing schedule across the actions for motions to dismiss, several of which are fully briefed and pending. It appears at this time, therefore, that informal coordination of these actions is feasible, and Section 1407 centralization is unnecessary. We "believe it better to allow the parties' attempts to self-organize play out before centralizing any part of this litigation". *In re Baby Food Mktg., Sales Pracs. & Prod. Liab. Litig.*, 544 F. Supp. 3d 1375, 1377-78 (J.P.M.L. 2021). Finally, responding defendants uniformly oppose centralization, including the eight defendants that are common to all actions. We have found persuasive that, "of all responding parties, those who would be most affected by centralization … do not believe that centralization would be beneficial." *In re Student-Athlete Name & Likeness Litig.*, 763 F. Supp. 2d 1379, 1380 (J.P.M.L. 2011).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton            Roger T. Benitez
Dale A. Kimball            Madeline Cox Arleo

IN RE: VARSITY SPIRIT ATHLETE
ABUSE LITIGATION                                                                                                   MDL No. 3077

## SCHEDULE A

<u>Central District of California</u>

E. M. v. VARSITY BRANDS, LLC, ET AL., C.A. No. 2:22−09410

<u>Northern District of Georgia</u>

DOE 1 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 1:22−04489

<u>Eastern District of North Carolina</u>

DOE v. VARSITY BRANDS, LLC, ET AL., C.A. No. 5:22−00430

<u>Northern District of Ohio</u>

DOE 1 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 1:22−02139

<u>District of South Carolina</u>

DOE 1, ET AL. v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−02957
DOE 8 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−03508
DOE 9 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−03509
DOE 3 v. VARSITY BRANDS, LLC, ET AL., C.A. No. 6:22−03510

<u>Western District of Tennessee</u>

DOE, AS NEXT FRIEND OF JOHN DOE 1, ET AL. v. VARSITY BRANDS, LLC,
    ET AL., C.A. No. 2:22−02657